**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

KAITLYN COLE, individually on behalf of
all others similarly situated,

               Plaintiff,

      *vs.*                        Case No. 1:19-cv-00527

MENN LAW FIRM, LTD,

               Defendant.

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

This action is brought by Plaintiff, KAITLYN COLE ("COLE"), individually and on behalf of all others similarly situated, against Defendant, MENN LAW FIRM, LTD ("MENN"), based on the following:

## I. PRELIMINARY STATEMENT

1.    Plaintiff bring this action individually and on behalf of all others similarly situated for the illegal practices of Defendant when attempting to collect an alleged debt from her in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2.    Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3.    The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4.      The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5.      When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6.      When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

7.      When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8.      The FDCPA is a strict-liability statute, which provides for actual or statutory damages upon the showing of one violation, regardless of any actual damages. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

9.      A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

10.     A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

11.     When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less.

12.     Plaintiff seeks, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees, and costs.

## II. PARTIES

13.     COLE is a natural person.

14.     At all times relevant to this lawsuit, COLE was a citizen of, and resided in, the City of Green Bay, Brown County, Wisconsin.

15.     MENN is a for-profit limited liability corporation formed under the laws of the State of Wisconsin.

16.     COLE is informed and believe, and on that basis alleges, that MENN maintains its principal business address at 2501 East Enterprise Avenue, City of Appleton, Outagamie County, Wisconsin.

### III.  JURISDICTION & VENUE

17.     Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

18.     Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to COLE's claims occurred within this federal judicial district, and because MENN is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV.  FACTS

19.     MENN regularly engages in the collection of defaulted consumer debts.

20.     According to its website, MENN has wide-ranging experience in business litigation, including "Collection/creditors' rights". http://www.mennlaw.com/business-litigation/

21.     MENN regularly engages in the collection of defaulted consumer debts owed to others.

22.     In attempting to collect debts, MENN uses the mail, telephone, internet, and other instruments of interstate commerce.

23.     MENN mailed or caused to be mailed a two-page letter dated May 1, 2018 (the "Letter") to COLE.

24.     A true and correct copy of the Letter is attached as **_Exhibit A_**, except that the undersigned has partially redacted it.

25.     The Letter alleged COLE had incurred and defaulted on a financial obligation (the "Debt").

Case 1:19-cv-00527-WCG   Filed 04/12/19   Page 4 of 11   Document 1

26. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

27. The Letter was MENN's first written communication to COLE attempting to collect the Debt.

28. On information and belief, sometime prior to May 1, 2018, the creditor of the Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to MENN for collection.

29. On the second page of the Letter, MENN stated in relevant part:

> 2. Unless Attorney William P. McKinley of Menn Law Firm, Ltd. is notified of a dispute of the indebtedness within thirty (30) days of the date hereof, the debt will be assumed to be valid.

30. This statement did not accurately state COLE's rights under the FDCPA, and was misleading and deceptive, because COLE was entitled to dispute the debt "within thirty days after receipt" of the Letter, not within 30 days of the date of the Letter. 15 U.S.C. § 1692g(a)(3).

31. The statement also did not accurately state COLE's rights under the FDCPA, and was misleading and deceptive, because it failed to make clear that COLE was entitled to lodge a dispute even if she did not dispute the entire debt but rather "any portion thereof". 15 U.S.C § 1692g(a)(3).

32. The statement further did not accurately state COLE's rights under the FDCPA, and was misleading and deceptive, because it failed to clarify that, if COLE did not dispute the Debt, MENN, and only MENN, was entitled to assume it to be valid. 15 U.S.C. § 1692g(a)(3).

33. On the second page of the Letter, MENN also stated in relevant part:

Case 1:19-cv-00527-WCG   Filed 04/12/19   Page 5 of 11   Document 1

3. If Attorney William P. McKinley of Menn law Firm, Ltd. is notified in writing within thirty (30) days that there is some dispute concerning the indebtedness, written verification of the debt or a copy of the judgment will be provided to you.

34.     This statement did not accurately state COLE's rights under the FDCPA, and was misleading and deceptive, because it failed to make clear that COLE had thirty days after receipt of the Letter, not thirty days from the date of the Letter, to dispute the debt in writing. 15 U.S.C. § 1692g(a)(4).

35.     The statement also did not accurately state COLE's rights under the FDCPA, and was misleading and deceptive, because it failed to make clear that COLE could send a written dispute even if she did not dispute the entire debt but rather "any portion thereof". 15 U.S.C § 1692g(a)(4).

36.     On the second page of the Letter, MENN stated in relevant part:

4. Attorney William P. McKinley of Menn Law Firm, Ltd. will provide the name and the address of the original creditor if different from the creditor named herein if such is requested by the Debtor within thirty (30) days of the date hereof. However, to the best of the undersigned's knowledge, the original creditor and Creditor are one and the same. i.e. Exterior Homes LLC.

37.     This statement did not accurately state COLE's rights under the FDCPA, and was misleading and deceptive, because it failed to make clear that COLE had thirty days after receipt of the Letter, not thirty days from the date of the Letter, to request the name and address of the current creditor. 15 U.S.C. § 1692g(a)(5).

38.     The statement was also misleading and deceptive because the statement that Exterior Homes LLC was the creditor contradicted other statements in the Letter that Women's Care of Wisconsin, S.C. ("Women's Care") was the creditor.

39.     At the top of the Letter, the letterhead stated "MENN LAW FIRM, LLC".

Case 1:19-cv-00527-WCG   Filed 04/12/19   Page 6 of 11   Document 1

40.     The Letter was signed:

MENN LAW FIRM, LTD.

[handwriting]

   William P. McKinley

41.     The body of the Letter requests payment of the Debt but directs payment, either

by check or via a website, be made to Women's Care of Wisconsin, S.C. ("Women's Care")

directly.

42.     The Letter also states that any questions about payment arrangements be directed

to Women's Care at a particular telephone number.

43.     The Letter further stated:

> In the event this account is not paid in full or you have not
> made alternative payment arrangements within 10 days, my
> client will pursue all legal options to collect payment.  In the
> event it is necessary to place this matter into civil court, you
> will be responsible for not only the amount due on the account,
> but also clerk fees, filing fees, and service fees.  As you can
> see, failure to make payment will result in substantial
> additional expense to you.  My client is affording you this last
> opportunity to make a voluntary payment of this account.

44.     On information and belief, no licensed attorney had direct personal involvement

in the drafting and mailing of the Letter.

45.     On information and belief, no licensed attorney considered the particular

circumstances of the Debt prior to causing the Letter to be sent.

46.     The Letter gives the false impression to an unsophisticated consumer that it was

from an attorney when, in fact, the Letter was not from an attorney in any meaningful sense of

the word.

47.     On information and belief, the Letter was created by merging information specific to a debt on a consumer with a template to create what is commonly called a "form letter."

48.     Consequently, on information and belief, MENN caused the same form collection letter to be mailed to others, who like COLE, reside in Wisconsin.

## V.  CLASS ALLEGATIONS

49.     MENN's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by COLE, both individually and on behalf of all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50.     Plaintiff seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

51.     ***Class Definition.*** The Class consists of: All natural persons to whom Defendant mailed a written communication in the form of ***Exhibit A*** to an address in the State of Wisconsin during the Class Period which begins on April 12, 2018 and ends on May 3, 2019.

52.     The identities of the Class members are readily ascertainable from MENN's business records or those entities on whose behalf MENN attempted to collect debts.

53.     ***Class Claims.*** The Class claims include all claims each Class member may have for a violation of the FDCPA arising from Defendant having mailed a written communication in the form of ***Exhibit A*** to such Class member.

54.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

55.     ***Numerosity.*** On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

56.     ***Common Questions Predominate.*** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by MENN with respect to each Class member.

57.     ***Typicality.*** Plaintiff's claims are typical of those of the Class because those claims arise from a common course of conduct engaged in by MENN.

58.     ***Adequacy.*** Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interest adverse to the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

59.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

60.     Based on discovery and further investigation (including, but not limited to, disclosure by MENN of class size and net worth), Plaintiff may, in addition to moving for class certification using modified Class definitions, Class claims, or Class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VI.     CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

61.     The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

62.     MENN is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

Case 1:19-cv-00527-WCG   Filed 04/12/19   Page 9 of 11   Document 1

63.     The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

64.     COLE is a "consumer" as defined by 15 U.S.C. § 1692a(3).

65.     The use and mailing of ***Exhibit A*** by MENN in an attempt to collect the Debt violated the FDCPA in one or more following ways:

(a)     Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

(b)     Making the false representation or creating the false implication that any individual is an attorney or that any communication is from an attorney in violation of 15 U.S.C. § 1692e(3);

(c)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10); and

(d)     Failing to provide a written notice containing accurate information required under 15 U.S.C. §§ 1692g(a)(2)-(5).

## VII.    PRAYER FOR RELIEF

66.     WHEREFORE, Plaintiff demands judgment against MENN as follows:

(a)     An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

(b)     An award of statutory damages for the Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

<blockquote>

(c)     An award to Plaintiff for services on behalf of the Class as determined in the discretion of the Court;

(d)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(e)     An award of actual damages to Plaintiff or the Class to the extent the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff or the Class; and

(f)     For such other and further relied as may be just and proper.

</blockquote>

## VIII.   JURY DEMAND

67.    Trial by jury is demanded on all issues so triable.

Dated: April 12, 2019

*s/Francis R. Greene*

Francis R. Greene
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
*Attorneys for Plaintiff, Kaitlyn Cole*
STERN•THOMASSON LLP
3010 South Appleton Road
Menasha, Wisconsin 54952
Telephone (973) 379-7500
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com

Case 1:19-cv-00527-WCG   Filed 04/12/19   Page 11 of 11   Document 1