**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

KAITLYN COLE, individually and on behalf
of all others similarly situated,

                Plaintiff,

             *vs.*                                    Case No. 1:19-cv-00527-WCG

MENN LAW FIRM, LTD.,

                Defendant.

## PRELIMINARY APPROVAL ORDER

The Court, having considered Plaintiff's motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, Kaitlyn Cole, individually and as representative of the class of persons defined below ("Class"), and Defendant, Menn Law Firm, Ltd. ("Menn").

**WHEREFORE**, for purposes of this Class Action Settlement and based upon the Parties' stipulations as set forth therein, with respect to certifying this action as a class action for settlement purposes the Court finds:

    A.    The Class is so numerous that joinder of all members is impracticable;

    B.    There are questions of law and fact common to the proposed Class.

    C.    The individual claims of Plaintiff are typical of the claims of the Class;

    D.    Plaintiff is an appropriate and adequate representative for the Class;

    E.    The questions of law and fact common to the Class predominate over any questions affecting only individual members;

    F.    A class action is superior to other methods for fairly and efficiently settling this controversy;

G. Regarding appointment of Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, STERN•THOMASSON LLP, has, and will continue to, fairly and adequately represent the interests of the Class;

H. Regarding the proposed Agreement, after consideration of the Agreement attached as *Exhibit A* to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I. and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1. Pursuant to Fed. R. Civ. P. 23(c)(1), and for settlement purposes only, the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    (a) defines the "Settlement Class" as:

    > All persons to whom Menn Law Firm, Ltd. mailed an initial written communication to an address in the State of Wisconsin, between April 12, 2018 and May 3, 2019, in the form attached as Exhibit A to Plaintiff's Amended Complaint [Doc. 15], which was not returned as undeliverable.

    (b) defines the "Class Claims" as those FDCPA claims arising from Menn's collection letters in the form of Exhibit A to Plaintiff's Complaint [Doc. 1];

    (c) appoints Plaintiff as the Class Representative;

    (d) appoints STERN•THOMASSON LLP as Class Counsel; and

    (e) appoints Class-Settlement.com as the Third-Party Administrator to send notice of the Settlement to Class Members and administer the Settlement.

2. The Court approves the Parties' proposed Class Notice and directs that it be mailed to the last known address of Class Member as shown in Menn's business records. The Administrator shall mail the Class Notice to Class Members on or before **November 29, 2019**. The Administrator shall send the Notice by any form of U.S. Mail providing forwarding addresses.

3. The Court finds that mailing of the Class Notice, and the Parties' notice plan, is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4. Class Members shall have until **January 13, 2020**, to exclude themselves from, or object to, the Settlement. Any Class Members desiring to exclude themselves from the Settlement must serve their request on the Administrator by that date.

5. Any Class Members who wish to object to the Settlement must submit their objection in writing to the Clerk of the United States District Court for the Eastern District of Wisconsin and serve a copy on the Administrator. All objections must be in writing, personally signed by the Class Member, and include: (1) the objector's name, address, telephone number, and the last four digits of their Social Security Number; (2) a sentence stating that to the best of their knowledge s/he is a member of the Settlement Class; (3) the name and number of the case: *Cole v. Menn Law Firm, Ltd.*, Case No. 1:19-cv-00527-WCG; (4) the factual basis and legal grounds for the objection to the Settlement, and whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (5) the identity of any witnesses whom the objector may call to testify at the Final Fairness Hearing; and (6) copies of any exhibits the objector may seek to offer into evidence at the Final Fairness Hearing. The objection must indicate whether the Class Member and/or their lawyer(s) intend to appear at the Final

Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than **January 13, 2020**, and shall include the full caption and case number of each previous class action in which that lawyer(s) represented an objector.

6. To be effective, any request for exclusion or objection must be postmarked by **January 13, 2020**.

7. If not already filed, Menn shall, within 7 days of this Order, file with the Court its proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

8. A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on **February 7, 2020, at 2:30 p.m.**

**SIGNED AND ENTERED** this 18th day of November, 2019.

s/ William C. Griesbach
WILLIAM C. GRIESBACH, District Judge
United States District Court - WIED