IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

KAITLYN COLE, individually and on behalf
of all others similarly situated,

                Plaintiff,

        *vs.*                      Case No. 1:19-cv-00527-WCG

MENN LAW FIRM, LTD,

                Defendant.

## FINAL APPROVAL ORDER AND JUDGMENT

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, Kaitlyn Cole, individually and as representative of the class of persons defined below ("Settlement Class"), and Defendant, Menn Law Firm, Ltd. ("Menn"), the Court orders and finds as follows:

    1.     This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, the Class Members, and Menn.

    2.     The following Settlement Class is certified, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons to whom Menn Law Firm, Ltd. mailed an initial written communication to an address in the State of Wisconsin, between April 12, 2018 and May 3, 2019, in the form attached as Exhibit A to Plaintiff's Amended Complaint [Doc. 15], which was not returned as undeliverable.

    3.     This Court finds, based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Class members, and included whether or not Menn allegedly violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.§ 1692, *et seq.* by failing to accurately provide the information and rights required by §

1692(g)(a), contradicting the consumer's dispute rights, and making false, deceptive, and misleading representations including that the letters were mailed without meaningful attorney involvement; (C) Plaintiff's claim is typical of the Class Members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorneys, Stern•Thomasson LLP, are hereby appointed Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 176 Class Members by Class-Settlement.com, the Third-Party Administrator ("Administrator"). A total of 15 envelopes were returned by the United States Postal Service, 10 of which were returned with forwarding addresses and successfully re-mailed. No Class Members requested exclusion, and no objections were filed or received.

5. On February 7, 2020, the Court held a fairness hearing to which Class Members, including any with objections, were invited. Excluded from the Settlement Class are those persons identified in Exhibit A attached hereto who timely and validly requested exclusion.

6. The Court finds that provisions for notice Class Members satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7. The Court finds that the Settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by Menn. Upon the Effective Date, as that term is defined in the Agreement, Menn shall:

> (a) Create a class settlement fund of $8,500.00 ("Class Recovery), which Class Counsel through the Administrator will distribute *pro rata* by check to each Class Member who did not him/herself from the Settlement and whose Class Notice was not returned as undeliverable. The Class Recovery checks shall become void sixty (60) days from the date of issuance. Any checks not been cashed by the void date, along with any unclaimed funds remaining in the

Class Recovery will be disbursed in the following order: (i) to pay the costs associated with providing notice to Class Members and administering the Settlement; and (ii) any remainder donated as a *cy pres* award to Legal Action of Wisconsin.

    (b)    Pay Plaintiff $2,500.

    (c)    Pay Class Counsel $39,000 for their attorneys' fees and costs incurred in the action. Class Counsel shall not request additional fees or costs from Menn or the Class Members.

8. The Parties grant the following releases:

    (a)    Plaintiff, including each and every one of her agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges Menn, as well as its predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Menn) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time through the date of the Agreement.

    (b)    Each Class Member who did not exclude themselves from the Settlement releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to Menn's collection letter attached as Exhibit A to Plaintiff's Amended Complaint [Doc. 15].

    (c)    Plaintiff and each Class Member DO NOT release any defense they may have with respect to the underlying debts Menn was attempting to collect, including (i) whether any debt is in fact owed, (ii) the crediting of payments on any debt, or (iii) the proper reporting of any debts to credit bureaus.

    (d)    Menn does NOT release its claims, if any, against Plaintiff or any Class Member for the payment of their alleged debts. The underlying debts Menn sought to collect are unaffected by the Settlement. The Settlement does not prevent Menn from continuing to attempt to collect the debts allegedly owed by Class Members.

9. The Court finds the Agreement is fair and made in good faith.

10. The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal with prejudice of the claims in this action.

11. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this Order.

13. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**SIGNED AND ENTERED** this 7th Day of February, 2020.

                                                  s/William C. Griesbach
                                                  WILLIAM C. GRIESBACH
                                        Chief Judge, United States District Court